IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| NANCY ROCHESTER, | ) | CASE NO.1:19-CV-02894 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF THE SOCIAL | ) | MEMORANDUM OPINION AND |
| SECURITY ADMINISTRATION, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | | |

**Introduction**

Before me[1] is an action under 42 U.S.C. § 405(g) by Nancy Rochester seeking judicial review of the 2019 decision of the Commissioner of Social Security that denied Rochester's 2015 applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative

---

[1] The parties have consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge John R. Adams. ECF No. 12.
[2] ECF No. 1. Rochester's applications were initially denied in 2017 but then vacated by the Appeals Council and remanded. Following the remand, her applications were again denied in 2018 and the Appeals Council then adopted the findings of the ALJ with some additional reasoning, issuing its own decision. See, ECF No. 16 at 1-2 (citing record).
[3] ECF No. 8.

1

proceedings.[4] Pursuant to my initial[5] and procedural[6] orders, the parties have filed briefs[7] and supporting charts[8] and fact sheets.[9] They have met and conferred with the goal of reducing or clarifying the issues[10] and have participated in a telephonic oral argument.[11]

For the following reasons, the decision of the Commissioner will be reversed and the matter remanded.

**Facts**

The Appeals Council Decision

The record shows that Rochester was born in 1969, thus being age 50 at the time of the Appeals Council decision.[12] She attended school through the eighth grade and later received a GED.[13] She has a commercial driver's license[14] and has worked in the past as a paint mixer/clerk, gas station cashier, and counter attendant.[15] She is divorced with four children and lives by herself, with her worker's compensation benefits as her source of income.[16]

---

[4] ECF No. 9.
[5] ECF No. 4.
[6] ECF No. 11.
[7] ECF Nos. 16 (Rochester), 20 (Commissioner).
[8] ECF No. 16, Attachment (Rochester).
[9] ECF Nos. 15 (Rochester), 21 (Commissioner).
[10] ECF No. 22.
[11] ECF No. 24.
[12] Tr. at 384.
[13] *Id*. at 80.
[14] *Id*. at 80-81.
[15] *Id*. at 96.
[16] *Id*. at 81.

The Appeals Council adopted the ALJ's findings as to severe impairments, noting that Rochester has the following severe impairments:

> Dysfunction of major joints (complex regional pain syndrome in the right upper extremity) and hearing loss without cochlear implants but does not have an impairment or combination of impairments which meets or medically equals [a listed impairment].[17]

The Appeals Council also adopted the ALJ's RFC which provides:

> The claimant retains the ability to perform work at the light level of exertion, except she can only occasionally operate hand controls, handle, finger and reach overhead with the right upper extremity; can never climb ladders, ropes, scaffolds; cannot work in a loud and very loud environment; must avoid concentrated exposure to extreme cold, extreme heat, and vibration; and must avoid all exposure to hazards such as unprotected heights, moving machinery and commercial driving.[18]

After agreeing with the ALJ that Rochester's alleged symptoms are neither consistent with nor supported by the record,[19] the Appeals Council further concurred with the ALJ that she was not able to perform her past relevant work.[20] Further, the Appeals Council accepted the determination of the ALJ that there are a significant number of jobs in the national economy that Rochester is capable of performing.[21]

That said, the Appeals Council reviewed two issues in the ALJ's decision. First, the ALJ did not consider records from the Cleveland Clinic that were submitted late.[22] The

---

[17] *Id*. at 7.
[18] *Id*. at 8.
[19] *Id*.at 5.
[20] *Id*. at 4-5.
[21] *Id.* at 5.
[22] *Id.*

3

Appeals Council found that "these records do not change the weight of the evidence or warrant any change in the [ALJ's] findings."[23] Next, the Appeals Council re-examined the ALJ's findings regarding an opinion from Christine Ontko, OTR/L, which the Appeals Council had found did not adequately explain why the further restrictions in this opinion were not adopted.[24] On review, the Appeals Council agreed with the ALJ's decision to give only some weight to this opinion, and concluded that the more restrictive aspects of this opinion are not supported by the record and do not warrant a finding that Rochester has additional functional limitations.[25]

The Appeals Council concluded that Rochester was not disabled.[26]

Rochester's Position

Rochester raises three issues:

    1.    The ALJ's finding, adopted by the Appeals Council, that Rochester does not have a medically determinable impairment of her lower back is not supported by substantial evidence, and the failure to incorporate limitations attributable to that condition in the RFC is error.[27]

    2.    The ALJ's decision, adopted by the Appeals Council, erred in not properly analyzing the opinion of Dr. Baran Onder, M.D., Rochester's treating physician, and the opinion of physical therapist Karin Kleppel.[28]

---

[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.* at 8.
[27] ECF No. 16 at 16-19.
[28] *Id.* at 19-21.

4

    3.  The Appeals Council erred in weighing the opinion of occupational therapist Christine Ontko, OTR/L.[29]

The Commissioner's position

The Commissioner essentially argues first that objective medical evidence shows no problems with Rochester's lumbar spine and nerve roots.[30] Further, he notes that the state agency reviewing physician opined in 2015 that Rochester could perform light work with some additional limitations.[31]

He also then argues, as to the opinion of Karin Kleppel, that she was not a treating source within the meaning of the regulations and so was not entitled to presumption of controlling weight and that the ALJ properly gave this opinion little weight by explaining it was inconsistent with the other evidence previously analyzed.[32] Similarly, the Commissioner contends that Christine Ontko was not a treating source; her opinion was not entitled to a presumption of controlling weight; and the explanation offered for the weight given to her opinion was sufficient.[33]

Finally, he asserts that the Appeals Council gave "good reasons" for assigning little weight to the opinion of Dr. Onder.[34] In particular, the Commissioner cites to the inconsistency between Dr. Onder's opinion that Rochester is completely unable to sit, stand

---

[29] *Id.* at 21-24.
[30] ECF No. 20 at 6.
[31] *Id.* at 7.
[32] *Id.* at 7-11.
[33] *Id.* at 11-13.
[34] *Id.* at 14.

5

and walk while noting, before and after than opinion, that she has full range of motion in both extremities, normal strength and normal gait.[35] He further observes that both state agency reviewers opined, contrary to Dr. Onder, that Rochester could perform light work with additional limitations.[36]

**Analysis**

Rochester's claims are analyzed under the well-known substantial evidence standard, which need not be restated here. Further, because her claims were filed before March 27, 2017, the treating source issues here are analyzed under the former rule requiring the ALJ to accord a presumption of controlling weight to the opinion of a treating source and not pursuant to the new regulations.[37]

<u>Lower back impairment</u>

As to whether substantial evidence supports the conclusion that Rochester does not have a severe lower back impairment, an alleged failure of the ALJ or Appeals Council to find, at Step Two, that a claimed condition is not a severe impairment is not reversible error if the ALJ or Appeals Council addresses the condition in the remaining analytical steps.[38]

Rochester contends that the ALJ was imprecise, or more accurately unintelligible, when he stated that her lower back pain was not severe and imposed no long-term

---

[35] *Id*. at 14-15.
[36] *Id*. at 15.
[37] See, *Jones v. Berryhill*, 392 F.Supp.3d 831, 839 (M.D. Tenn. 2019) (citations omitted).
[38] *Fiske v. Astrue*, 253 Fed. Appx. 580, 583-84 (6th Cir. 2007) (internal quotation and citation omitted).

functional limitations.[39] To that point, she notes initially that while the Appeals Council found Dr. Onder's functional opinion as to the effects of her lower back condition to be "extreme" and inconsistent with the record, the objective medical evidence is that she has a left L5-S1 radiculopathy.[40] Further, four medical opinions rendered after 2015[41] found, *inter alia*, reduced range of motion and tenderness of the lumbar musculature, lumbar paraspinal tenderness, decreased sensation in the left calf and left lower leg, and absent left ankle reflexes.[42] Moreover, she observes that the portions of the record cited by the ALJ to support the conclusion that any lower back pain was not severe are "impossible to decipher" since they refer to various treatments for lower back pain but do not deal with functional limitations.[43]

In response, the Commissioner points out that the portions of the record cited by the ALJ show mostly normal gait (March and November 2015), x-rays from September 2015 that show only mild degenerative changes with normal disc height and alignment, and notes from aquatherapy indicating that Rochester could perform the therapy with few or no increased symptoms.[44] Further, the Commissioner points to the 2015 opinion of Dr. Lynne

---

[39] ECF No. 16 at 16-17 (quoting tr. at 57).
[40] *Id*. at 17 (citing record).
[41] May 2016 by Dr. Berg (tr. at 2258), June 2016 by Dr. Abraham (tr. at 2037), and Dr. Craciun in February 2017 (tr. at 2202-04) and 2018 (tr. at 2569).
[42] ECF No. 16 at 18 (citing record).
[43] *Id*. at 18-19 (citing record).
[44] ECF No. 20 at 7 (citing and quoting record).

7

Torello, M.D., a state agency reviewer, that found Rochester able to perform light work with limitations, and which the ALJ assigned great weight.[45]

I'm troubled that the evidence cited by the Commissioner, including EMG's from 2012 and then June and November of 2015,[46] all date from 2015 or earlier. The four medical opinions mentioned above and cited by Rochester are, by contrast, dated from May of 2016 through 2018 and document lower back pain accompanied by decreased sensations in the left leg and a positive straight leg-raising test on the left.[47]

The Appeals Council apparently considered these newer records, particularly as they are from Dr. Craciun, Rochester's neurologist at the Cleveland Clinic, and concluded that the "examination findings were unremarkable, or at least unchanged from prior examinations."[48] The ALJ, in turn, dealt with Dr. Carciun in a short section where his opinion that Rochester was "unable to sustain physical activity" but as not permanently disabled was given little weight because it was conclusory and not accompanied by specific vocational limitations explained by medical data points.[49]

Accordingly, because the evidence relied on by the Commissioner is from 2015 or before, particularly the state agency reviewer opinions, and because the decisions of the ALJ and the Appeals Council do not clearly or adequately address or explain the evidence

---

[45] *Id.*
[46] *Id.* at 6.
[47] ECF No. 16 at 18 (citing record).
[48] Tr. at 5.
[49] *Id.* at 62.

from after 2015, a situation not helped by state agency opinions that only consider evidence from 2015 and earlier, I cannot find that a logical bridge was built between the evidence and the decision.[50] Thus, the decision is not supported by substantial evidence and must be reversed and remanded.

### Opinion of Dr. Onder

As Rochester points out, the ALJ dealt with the opinion of Dr. Onder, a treating source, without acknowledging him as a treating source and by giving his opinion little weight for the reason that it is "inconsistent" with unspecified medical evidence "discussed above."[51] Similarly, the Appeals Council agreed with the ALJ's treatment of Dr. Onder, adding only that "gross" and "obvious" inconsistency exists between Dr. Onder's opinion as to no sitting, standing or walking whatsoever and "the rest of the record" contained at pages six and seven of the ALJ's decision.[52]

While it would have been better to begin the review of Dr. Onder's opinion with an acknowledgment of his status as a treating source and to specify how the opinion is contradicted by some specific evidence, it is clear that any error in formulating good reasons for the weight given to a treating source opinion will be considered harmless if the opinion is so patently deficient that the Commissioner could not possibly credit it.[53] Here, the opinion that Rochester is essentially immobile is patently deficient in light of the other

---

[50] *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011) (citation omitted).
[51] Tr. at 62.
[52] *Id.* at 6.
[53] *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011).

9

evidence, including Rochester's self-reported activities of daily living. Accordingly, I find only harmless error in how the ALJ and the Appeals Council addressed the opinion of Dr. Onder.

<u>Opinions of Karin Kleppel and Christine Ontko</u>

Neither Kleppel nor Ontko are acceptable medical sources under the relevant regulation.[54] As such, the ALJ and the Appeals Council are only required to generally consider the opinion and explain the reasons for the weight given.[55] I find that the ALJ, whose decision was adopted by the Appeals Council, did not error in considering these opinions and explaining the reasons for the weight given.

## Conclusion

For the reasons stated, the decision of the Commissioner is reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: March 31, 2021                                s/William H. Baughman Jr.
                                                    United States Magistrate Judge

---

[54] See, ECF No. 20 at 9 (citing regulations).
[55] *Mincy v. Berryhill*, 2019 WL 1639804, at *10 (N.D. Ohio April 16, 2019).